IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD PALACIOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-1154 |
| | § | |
| NATHANIEL QUARTERMAN, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION DISMISSING AS TIME-BARRED
PETITIONER'S FEDERAL APPLICATION FOR WRIT OF HABEAS CORPUS**

Before the Magistrate Judge is Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). Having considered the application, the claims alleged and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that this § 2254 proceeding be dismissed as time-barred under 28 U.S.C. § 2244(d).

I.      **Introduction and Procedural History**

Petitioner, Edward Palacios ("Palacios") asserts in his § 2254 application that he is currently incarcerated pursuant to a 1993 conviction for burglary for which he was sentenced to twenty-five (25) years in the Texas Department of Criminal Justice. Palacios states that he did not appeal, but did, in March 2007, file a state application for writ of habeas corpus.

This § 2254 proceeding was filed by Palacios on or about April 15, 2009, the date Palacios signed the § 2254 application.

**II.     Claims**

Palacios raises three claims, challenging his 1993 burglary conviction:

1. That his conviction and sentence are "void";

2. That his guilty plea was not knowing and voluntary; and

3. That his trial counsel was ineffective.

Based on the information provided by Palacios in his § 2254 application relative to his 1993 conviction, the Court ordered Palacios to file a written statement addressing the limitations bar and equitable toling. *See* Document No. 4. Palacios filed a response, in which he maintains that his claim of a void sentence is not subject to the limitations bar in § 2244(d).

**III.    <u>Discussion</u>**

Pursuant to the amendments enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254 applicants are subject to a one year limitations period. 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

When a § 2254 applicant challenges a state court conviction that was final prior to the effective date of the AEDPA amendments, the applicant has a one-year grace period from the effective date of AEDPA, until April 24, 1997, to file a timely § 2254 application. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) (holding that petitioners whose convictions were final prior to the effective date of the AEDPA, April 24, 1996, have one year from April 24, 1996 to timely file their applications), *cert. denied*, 525 U.S. 1091 (1999).

Here, because Palacios' conviction was final in 1993, when the time expired for him to file a timely notice of appeal, TEX. R. APP. P. 26.2,[1] Palacios had until April 24, 1997, to file a timely § 2254 application. Palacios' § 2254 application, filed in April 2009, is over twelve years too late. Moreover, the fact that Palacios filed a application for writ of habeas corpus in March 2007, after the limitations period had already expired, had no tolling affect on the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for writ of habeas corpus did not toll § 2244(d)'s limitation period where the state application for writ of habeas corpus "was not filed until *after* the period of limitation had expired") (emphasis in original), *pet. for cert. filed,* (U.S. Feb. 12, 2001) (No. 00-8555). This § 2254 proceeding is therefore time-barred. In addition, Palacios has not set forth any facts that would warrant equitable tolling.

---

[1] Palacios states that a judgment of conviction was entered on June 29, 1993. Palacios has thirty days from the date the judgment was entered to file a Notice of Appeal. TEX. R. APP. P. 26.2.

3

Equitable tolling may, in rare and exceptional circumstances, be available to "preserve a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir.1995). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The burden of proving rare and extraordinary circumstance in support of equitable tolling lies strictly with the petitioner. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Here, Palacios has set forth neither facts nor argument that would warrant the application of equitable tolling. While Palacios does argue that his claim of a void sentence is exempt from the limitations bar, that argument has no legal support.

**IV.     Conclusion and Recommendation**

Based on the foregoing and the conclusion that this § 2254 was not timely filed and that there are no rare or exceptional circumstances that would warrant the application of equitable tolling, the Magistrate Judge

RECOMMENDS that Petitioner Edward Palacios' Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and this § 2254 proceeding be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d) as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.

Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 24th day of August, 2009.

*[signature: Frances H. Stacy]*
Frances H. Stacy
United States Magistrate Judge